THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**WM CAPITAL PARTNERS 53, LLC,**

   **Appellant,**

   vs.

**ALLIED FINANCIAL, INC.**

   **Appellee.**

Civil No. 17-2015 (ADC)

## OPINION AND ORDER

**I.**    **Introduction**

Before the Court are: (i) appellant WM Capital Partners 53, LLC's ("WM") motion for leave to pursue an interlocutory appeal before this Court regarding the United States Bankruptcy Court's Opinion and Order denying WM's motion for summary judgment and partially granting appelle/bankruptcy debtor Allied Financial, Inc.'s ("Allied") summary judgment motion, **ECF Nos. 1-2, 3-2**; (ii) Allied's opposition to WM's motion for leave for interlocutory appeal, **ECF No. 3-1;** (iii) Report and Recommendation ("R & R") issued by United States Magistrate Judge Bruce J. McGiverin ("Magistrate Judge") pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72, **ECF Nos. 5, 7**; and (iv) WM's objection to the R & R, **ECF No. 8**.

The Court wholly incorporates by reference the Magistrate Judge's succinct account of the case's factual and procedural background to avoid needless repetition. **ECF No. 7** at 1. In its motion seeking leave for interlocutory appeal, WM asserted the following reasons as to why the Court should grant the requested leave:

> [T]he Bankruptcy Court, when denying WM's [s]ummary [j]udgment [motion] and partially granting the [d]ebtor's [c]ross-motion for [s]ummary [j]udgment, committed a reversible error in its consideration of the facts of the case, the policy behind the objectives of the FDIC[1] and FIRREA[2] and the predominant case law from the [t]rial and [a]ppellate [c]ourts of Puerto Rico establishing that the [r]edemption [r]ight [of a litigated credit under Article 1425 of the Puerto Rico Civil Code][3] is preempted when the FDIC intervenes in a re-sale of assets of a failed bank institution through a shared-loss agreement.

**ECF No. 3-2** at 12. Having thoroughly reviewed the motions at hand under the standards summarized herein, the Court adopts the Magistrate Judge's recommendation to deny WM's request for leave to pursue an interlocutory appeal before this Court. As discussed below, WM has failed to meet its burden to establish the existence of an issue of law in the matter at hand as to which there is substantial ground for difference of opinion among the courts that would warrant the interlocutory appeal sought.

**II.   Standard of review**

**A) District Court Review of Objections to a Report and Recommendation Issued by a United States Magistrate Judge**

A District Court may refer pending motions to a United Stated Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Any party adversely affected by the recommendation issued may file written objections within fourteen days of its receipt. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific

---

[1] Federal Deposit Insurance Corporation ("FDIC").
[2] Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA").
[3] P.R. Laws Ann. tit. 31, § 3950 ("Article 1425").

objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp.2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *See Santiago v. Canon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992).

Thus, a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate judge and such arguments are deemed to be waived. *Borden v. Sec. of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987). *See Entact Servs., LLC v. Rimco, Inc.*, 526 F. Supp.2d 213, 223 (D.P.R. 2007). The waiver also applies to preclude de novo review by the Court of arguments a party introduced but failed to properly develop before a magistrate judge. "[A] litigant has an obligation to spell out its argument squarely and distinctly, or else forever hold its peace." *Rivera-Gómez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (internal quotation marks omitted).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharm.,Inc.*, 286 F. Supp.2d 144, 146 (D.P.R. 2003).

### B) Standard of Review of a Request for Leave to Appeal an Interlocutory Order Issued by the United States Bankruptcy Court

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction "'to hear appeals [ ] from final judgments, orders, and decrees; . . . and [ ] with leave of the court, from other interlocutory orders and decrees.'" *Rodríguez-Borges v. Lugo-Mender*, 938 F. Supp.2d 202, 207 (D.P.R. 2013) (quoting 28

U.S.C. § 158(a)). In the instant case, given that WM seeks leave to appeal an interlocutory order, whether or not to grant the leave sought is entirely within the Court's discretion. *Id.*; **ECF Nos. 3–1** at 1; **3–2** at 10. The "[a]pplication of [section] 158(a)(3) review of interlocutory orders mirrors application of [28 U.S.C.] § 1292(b)." *In re Martínez*, 541 B.R. 539, 541 (D.P.R. 2015) (internal quotation marks omitted) (quoting *In re Watson*, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004)). As such, when evaluating a request for leave for an interlocutory appeal, the Court shall consider whether the movant has established the three elements provided under 28 U.S.C. § 1292(b). These are: "whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Martínez*, 541 B.R. at 541; *see* 28 U.S.C. § 1292(b). The party seeking the interlocutory appeal must establish all three elements. *See In re Bank of New England Corp.*, 218 B.R. 643, 652–54 (B.A.P. 1st Cir. 1998); *In re Cent. Louisiana Grain Co-op., Inc.*, 489 B.R. 403, 410 (W.D. La. 2013). Regarding the second element in particular, "[f]or an issue to rise to the level of difficulty and significance required under § 1292(b), the case must involve difficult and pivotal questions of law not settled by controlling authority." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988) (internal quotation marks omitted).

In any event, "the First Circuit has instructed courts to grant leave sparingly and only in exceptional circumstances." *In re Martínez*, 541 B.R. at 541 (quoting *Rodríguez-Borges*, 938 F. Supp.2d at 212); *see also In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d at 1010 n. 1. The reason for such a high standard is well known—"appellate review is generally limited to final decisions precisely in

order to avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals." *United States v. Sampson*, 58 F. Supp. 3d 136, 148 (D. Mass. 2012) (quoting *Appeal of Licht & Semonoff*, 796 F.2d 564, 569 (1st Cir. 1986)).

### III.  Discussion

In analyzing the merits of WM's request for leave to pursue an interlocutory appeal, the Magistrate Judge correctly examined whether WM had met the burden to establish each of the three elements under 28 U.S.C. § 1292(b) and interpretive case law. **ECF No. 7** at 3-9. He rightly concluded that WM had met the first element, because it is seeking appeal of a decision by the Bankruptcy Court involving a controlling question of law. *Id*. at 7. Specifically, WM seeks interlocutory appeal of the Bankruptcy Court's determination as to "whether Article 1425 of the Civil Code of Puerto Rico is preempted as a result of the [FDIC's] consent and intervention in the sale of certain shared-loss assets of a failed institution (R-G Premier Bank of Puerto Rico) by an acquiring entity (Scotiabank Puerto Rico) to a third party (WM)." **ECF No. 3-2** at 3; *see* **ECF No. 7** at 3. Moreover, the Magistrate Judge correctly held that WM had met the third element as well. **ECF No. 7** at 3, 8-9. He concluded that WM's "appeal would materially advance the litigation because a reversal of the bankruptcy court's decision and a holding that federal law preempts Article 1425 in this case would end Allied's claim. Although Allied's original bankruptcy claim would continue, it would no longer be able to seek a right of redemption from WM." *Id*. at 8.  WM did not object to the Magistrate Judge's determinations as to the first and third elements discussed herein. **ECF No. 8**.

However, the Magistrate Judge found that WM did not establish the second element because "it failed to identify a true legal issue, and it failed to identify a 'substantial ground' for disagreement [among the courts] even if its arguments are assumed to raise a legal issue." *Id*. at 4. In other words, granting WM's request would be inappropriate under the second element insofar as the proposed interlocutory appeal hinges on the Bankruptcy Judge's application of well established legal standards of conflict preemption to the case's facts, and not on a true legal issue upon which courts disagree. *See* **ECF No. 7** at 4-7. WM objects to the Magistrate Judge's holding, contending that "[w]hether or not the [preemption] doctrine prevents a debtor from invoking the [r]ight of [r]edemption in cases where the FDIC has intervened[ ] is a true legal issue[,] since the Court has to determine, first and foremost, whether such right actually exists or whether such right is displaced as a result of it being preempted." **ECF No. 8** at 3-4.

The Court finds WM's argument in that respect to be persuasive to some extent. However, as expressly stated by WM in its proposed interlocutory appeal, it seeks both a reversal of the Bankruptcy Judge's consideration of the facts of the case as well as a holding about FIRREA's preemption of redemption rights under Article 1425 in certain circumstances. **ECF No. 3-2** at 12. As federal courts have held consistently, leave should not be granted to a movant of an interlocutory appeal contesting a court's factual determinations, weighing of the evidence, the application of legal principles to a particular set of facts, or mixed questions of fact and law. *See, e.g., California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86, 96 (2nd Cir. 2004); *United Airlines v.*

*Gregory*, 716 F. Supp.2d 79, 91 (D. Mass. 2010); *In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 279 (E.D.N.Y. 2010).

Moreover, the Magistrate Judge rightly concluded that "even if WM's claims do raise a legal issue," WM failed nonetheless to establish the second element, because it could not show there is substantial ground for difference of opinion among courts to warrant an interlocutory appeal. **ECF No. 7** at 7. In support of its request for interlocutory appeal, "WM cited decisions from Puerto Rico and Louisiana,[4] the only other state with right of redemption laws, where the court found redemption rights to be pre-empted by FIRREA" in factual scenarios that were analogous to the instant case. *Id*. at 7; **ECF No. 3-2** at 18-22. The Magistrate Judge found that

> the [B]ankruptcy [C]ourt chose not to rely on those cases for three reasons: the Puerto Rico courts did not explain how Article 1425 is in actual conflict with the FDIC's objectives; they wrongly assumed that a "commonplace" method of selling nonperforming loan-assets known as sealed-bid auctions was "unique to the FDIC" and therefore the use of it weighed in favor of preemption; and they applied the wrong test for conflict preemption by ignoring the presumption that a state law, such as Article 1425, is valid until rebutted. *Id.* at 21–23. These differences are significant enough that these decisions are not enough to prove that there is substantial grounds for a difference of opinion when applying the correct conflict preemption standard. In its motion for leave to appeal, WM failed to identify any decisions by a court that both dealt with third-party assignee and used the correct legal standard for conflict preemption. Therefore, WM failed to demonstrate that there exists a substantial ground for difference of opinion on whether Article 1425 is preempted by federal law when pursued by a debtor against a third-party assignee.

**ECF No. 7** at 7-8; *see* **ECF No. 1-2** at 19-23.

---

[4] The Puerto Rico cases cited by WM are from the Puerto Rico Court of First Instance and the Puerto Rico Court of Appeals. **ECF Nos. 3-2** at 18-19; **8** at 4-5. WM avers that "the matter has yet to reach the Supreme Court of Puerto Rico." **ECF Nos. 3-2** at 5.

WM asserts that the Magistrate Judge's interpretation quoted above is erred, and argues that the case law in question proves the existence of a substantial ground for difference of opinion that warrants the interlocutory appeal sought. **ECF No. 8**. The Court finds WM's arguments unavailing, agrees with the Magistrate Judge's interpretation quoted above, and holds that WM's inability to meet the second element under 28 U.S.C. § 1292(b) as applied to cases pursuant to 28 U.S.C. § 158(a)(3) is dispositive against WM's request for an interlocutory appeal. As held in the First Circuit, "a claim of misapplied law, coupled with a claim of a dispute among the circuits, is not the stuff of which interlocutory appeals are made since such a claim may be appealed on the merits." *In re Jackson Brook Inst., Inc.*, 280 B.R. 1, 8 (D. Me. 2002) (citations omitted). *See also In re Adelphia Communications Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (to establish the second element, "it is not sufficient that the relevant case law is less than clear or allegedly not in accord" (internal quotation marks omitted)); *In re Central Louisiana Grain Co-op, Inc.*, 489 B.R. at 412 ("simply because a court is the first to rule on a question or counsel disagrees on the applicable precedent does not qualify the issue as one over which there is substantial disagreement" to establish the second element).

Finally, the Court finds no exceptional circumstances in this case that would warrant granting the leave sought by WM when it has not met its burden to establish all three elements discussed above. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d at 1010 n.1 ("[o]nly rare cases will qualify for the statutory anodyne; indeed, it is apodictic in this circuit that interlocutory certification of this sort should be used sparingly and only in exceptional circumstances"); *Rodríguez-Borges*, 938 F. Supp.2d at 212 (interlocutory appeal not warranted where the case neither met the three elements

under 28 U.S.C. § 1292(b), nor entailed exceptional circumstances); *Central Illinois Sav. & Loan Ass'n v. Rittenberg Co. Ltd.*, 85 B.R. 473 (N.D. Ill. 1988) (leave for interlocutory appeal denied upon finding that the case posed no special circumstances that warranted such leave); *In re Executive Office Centers, Inc.*, 75 B.R. 60 (E.D. La. 1987) (leave for interlocutory appeal denied for lack of showing that the Bankruptcy Court had acted capriciously, arbitrarily, or in abuse of its discretion); *In re National Shoes, Inc.*, 20 B.R. 672, 674 (B.A.P. 1st Cir. 1982) (denial of leave for interlocutory appeal for lack of showing of exceptional circumstances that warranted departure from general rule against interlocutory appeals). The purported exceptional circumstance raised by WM in its objection—that the Bankruptcy Court's ruling about the right of redemption under Article 1425 in this case will have an adverse impact "in future dealings of the FDIC in Puerto Rico"—amounts to a subjective averment indicative of WM's disagreement with the Bankruptcy Court's ruling that does not warrant an interlocutory appeal.[5] **ECF No. 8** at 6. *See In re Martínez*. 541 B.R. at 544 ("[e]ven though counsel for Debtor would have liked the Bankruptcy Court to have ruled differently, this does not convert the court's ruling to one that merits this court's immediate review"); *see also Pacamor Bearings, Inc. v.*

---

[5] In its Opinion and Order that is the object of WM's request for leave to pursue an interlocutory appeal, the Bankruptcy Court held that it

> finds no indication that Allied's redemption right under Article 1425 conflicts with the federal scheme of FIRREA or the FDIC's objectives. There is no indication that, subsequent to the FDIC's approval for Scotiabank to sell loan-assets to third parties, the FDIC continues to administer or otherwise have a pecuniary interest in the loan-assets sold to WM, pursuant to the [loss share agreement]. Thus, there is no legal basis to declare Article 1425's redemption right preempted absent clear indication—rather than speculative or conjectural—of conflict between the FDIC's objectives and Article 1425.

**ECF No. 1-2** at 15.

*Minebea Co. Ltd.*, 892 F. Supp. 347, 361-62 (D.N.H. 1995); *In re Central Louisiana Gran Co-op, Inc.*, 489 B.R. at 412.

**IV. Conclusion**

In conclusion, for the reasons set forth above, the Court **ADOPTS IN FULL** U.S. Magistrate Judge Bruce J. McGiverin's Report and Recommendation at **ECF No. 7**, and **DENIES** WM Capital Partners 53, LLC's request for leave for interlocutory appeal at **ECF No. 3-2**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of March, 2018.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **Chief United States District Judge**